UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-61576-CIV-LENARD

**DAVID JAKOBOT,**

    Plaintiff,

vs.

**AMERICAN AIRLINES, INC. and ONESOURCE FACILITY SERVICES, INC.,**

    Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND (D.E. 13)**

**THIS CAUSE** is before the Court on Plaintiff David Jakobot's ("Plaintiff") Motion for Remand ("Motion," D.E. 13), filed on September 16, 2010. Defendant American Airlines, Inc. ("Defendant") filed its Opposition to Plaintiff's Motion ("Opposition," D.E. 25) on October 4, 2010. Having reviewed the Motion, Opposition and the record, the Court finds as follows:

**I.    Factual and Procedural Background**

This action involves injuries allegedly sustained in a slip and fall by Plaintiff David Jakobot on May 17, 2006, while boarding Defendant's aircraft located at the Fort Lauderdale-Hollywood International Airport. Plaintiff filed this negligence action on February 22, 2010 in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida against Defendants American Airlines, Inc. and OneSource Facility Services,

Inc.

In his Amended Complaint, Plaintiff avers that he is a Texas resident. (Am. Compl. ¶ 2, D.E. 1-2.) Defendant American Airlines, Inc. is a Delaware corporation with its principal place of business in Texas. (Notice of Removal at 2, D.E. 1.) Defendant OneSource Facility Services, Inc. is also a Delaware corporation with its principal place of business in Georgia. (*Id.*)

During Plaintiff's deposition, taken on July 29, 2010, Plaintiff testified that he considers himself to be a Florida resident:

> Q. And do you consider yourself a Texas resident or a Florida resident?
> A. Florida.
> Q. And why is that?
> A. I just enjoy Florida.

(Dep. Tr. of David Jakobot, 19:3-7) As a result, on August 27, 2010, Defendants removed the action to this Court, alleging that complete diversity of citizenship exists and therefore jurisdiction is proper under 28 U.S.C. § 1332. (Notice of Removal at 2-3.)[1]

Plaintiff now moves to remand back to state court, arguing that he is, in fact, a Texas resident. (Mot. at 1.) In support of his argument, he attaches the Errata Sheet from his deposition (D.E. 13-3), signed on September 3, 2010, an Affidavit stating that he is a Texas Resident (D.E. 13-1), and federal income tax returns from 1999 through 2009 listing Plaintiff's home address as a post office box in Breckenridge, Texas (D.E. 14, 14-1, 14-2,

---

[1] Defendants also allege that Plaintiff's settlement demand exceeds the jurisdictional amount of $75,000.00. The parties do not dispute that the amount in controversy exceeds $75,000.00.

2

14-3). In his Errata Sheet, Plaintiff explains that he did not understand the question; he works in Texas, votes in Texas and files his taxes in Texas. (*See* Ex. B to Jakobot Aff.) His affidavit states that he spends more than 183 days per year in Texas. (Jakobot Aff. ¶ 5.) Because Defendant American Airlines, Inc. is domiciled in Texas, Plaintiff argues that complete diversity does not exist and urges this Court to remand the case back to state court and award him the resulting fees and costs.

Defendant opposes remand, claiming that applying a "totality of the evidence" approach will show that Plaintiff is a Florida resident. Defendant contends that "Plaintiff's residential history for the last 14 years . . ., coupled with Plaintiff's employment in Florida, registration of businesses in Florida, representations to multiple state agencies that he is a Florida resident, Florida driver's license, Florida private investigators license, multiple phone numbers registered in Florida as well as his own admissions of Florida residency all lead to the conclusion that Plaintiff is domiciled in Florida." (Opp. at 1.)

The parties do not dispute that the amount in controversy is greater than the jurisdictional threshold. Thus, the only issue bearing on the existence of diversity jurisdiction is where Plaintiff is domiciled – Florida or Texas.

## II.   Discussion

Diversity jurisdiction exists over a controversy between citizens of different states. See 28 U.S.C. § 1332(a). The party invoking federal jurisdiction, here the removing party, bears the burden of proving, by preponderance of the evidence, facts supporting the existence of federal jurisdiction. *See Scoggins v. Pollock*, 727 F.2d 1025, 1026 (11th Cir.

1984).  Because removal statutes are strictly construed, any doubts are resolved in favor of remand.  *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1329 (11th Cir. 2006) (the rule requiring district courts to construe removal statutes strictly is well-established).  The parties do not dispute that the amount in controversy is greater than the jurisdictional threshold.  Thus, the only issue bearing on the existence of diversity jurisdiction is whether Plaintiff is a citizen of Florida or Texas.

Citizenship is equivalent to "domicile" for the purposes of diversity jurisdiction. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (citation omitted).  "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom."  *Id.* at 1257-58 (internal quotations and citations omitted).  Certain presumptions have been used by courts to determine a person's domicile.  *See Mitchell v. United States*, 88 U.S. 350, 352 (1874); *Audi Performance & Racing, LLC v. Kasberger*, 273 F. Supp. 2d 1220, 1226 (M.D. Ala. 2003).

One such presumption is that "once an individual has established a domicile, he remains a citizen there until he satisfies the mental and physical requirements of domicile in a new state."  *Audi*, 273 F. Supp. 2d at 1226 (citation omitted).  To overcome the presumption of an established domicile, a showing must be made of "(1) physical presence at the new location with (2) an intention to remain indefinitely."  *McCormick*, 293 F.3d at 1258.  An established domicile is given favor over an allegedly newly acquired one.  *Audi*, 273 F. Supp. 2d at 1226, *Brown v. Transouth Finan. Corp.*, 897 F.

4

Supp. 1398, 1402 (M.D. Ala. 1995).  The effect of this presumption puts the heavier burden on a party who is trying to show a change of domicile rather than the one who attempts to show their domicile remains unchanged.  *Brown*, 897 F. Supp. at 1402.

Using these presumptions as aids, district courts look to the 'totality of the evidence' presented in order to ascertain a party's domicile.  *See Audi*, 273 F. Supp. 2d at 1226.  Evidence that may be factored into a court's consideration includes that party's affidavit, deposition testimony, drivers license, tax returns, banking statements, voter registration, medical records, utility phone bills, employment records, vehicle registration, professional licenses, membership in religious, recreational and business organizations, location of real property and place of employment.  *See e.g.*, *Sunseri v. Macro Cellular Partners*, 412 F.3d 1247, 1249 (11th Cir. 2005); *McDonald v. Equitable Life Ins. Co. of Iowa*, 13 F. Supp. 2d 1279, 1281 (M.D. Ala. 1998); *Rayfield v. Nat'l Auction Group, Inc.*, 878 F. Supp. 203 (M.D. Ala. 1995)

Here, the parties dispute Plaintiff's current domicile and both present compelling arguments. As a preliminary matter, the Court finds that Plaintiff's previously established domicile is Breckenridge, Texas.  (*See* Dep. Tr. 4:23-25; 7:12-14.)  Thus, it is Defendant's burden to prove Plaintiff's physical presence in Florida coupled with his intention to remain indefinitely.  *See McCormick*, 293 F.3d at 1258.

In support of its argument, Defendant presents several key pieces of testimony and evidence.  Plaintiff made the admission at his deposition that he considers himself a Florida resident and that he enjoys Florida.  (Dep. Tr. 19:3-7.) Over the past fourteen

years, Plaintiff has generally split time between Texas and Florida, spending ten days to two weeks of each month in Florida.  (*See id.* 9:2-4; 11:22-24.)  At time of removal, Plaintiff was renting an apartment in Fort Myers.  (*Id*. at 8:23-9:1.)  Plaintiff is self-employed as a private investigator in Florida, possessing a Florida license and working approximately one month per year.  (*See id.* 16:3-17:16.)  He has a Florida driver license and owns a car located in the state.  (*Id*. at 18:7-8; 137:7-9.)

Defendant also submits the following as exhibits to its Response:   (1) three pictures taken from Plaintiff's Facebook.com page, showing what appears to be his Fort Myers apartment; (2) Plaintiff's Facebook.com "Info" page in which he states he now lives in Breckenridge, Texas and Fort Myers, Florida, (3) his Florida driver license, (4) a report indicating that Plaintiff's last Texas driver's license was issued in 1994, (5) a report from the Florida public investigator's license website showing Plaintiff's active license status; (6) a report listing the physical and mailing addresses in Naples, Florida of Plaintiff's private investigation business; (7) a report from a private website listing the mailing address of Plaintiff, vis a vis his position at First American of Breckenridge (a now-defunct company), as a P.O. Box in Naples, Florida; (8) a report from the Florida Department of State listing Plaintiff's mailing address, as owner of U.S. Fuels, to be in Naples, Florida; and a report from WhitePages.com listing Plaintiff's telephone numbers in Naples and Fort Myers.  (*See* Resp. Exs. B through J, D.E. 25-2-10.)

Plaintiff's testimony, evidence and Affidavit in support of his Texas domicile are equally compelling.  At the time of removal, Plaintiff had a P.O. Box and home address in

6

Breckenridge, Texas.  (Dep. Tr. at 4:21-5:1.)  He stated that he spends the majority of his time in Breckenridge, Texas and that he comes to Florida for "[s]anity" and "[r]elaxation," although he sometimes does work there.  (*See id.* at 9:2-4; 9:9-20.)  Plaintiff owns his home in Breckenridge, Texas and keeps his horses there.  (*See id.* at 107:14-24; *see also* Jakobot Aff. ¶ 4.)  He rents his Florida apartment and last owned property in this state in 1997.  (*See* Dep. Tr. 10:2-18.)  His cars are all registered and insured in Texas.  (*Id*. at 137:1-9.)  He owns an oil exploration company, U.S. Fuels, that is headquartered in Breckenridge, Texas and employs four people.  (*See id.* at 14:6-15:21.)  His business appears to do oil exploration work mainly in Texas.  (*See id.* at 129:7-21.)   Plaintiff is registered to vote in Texas and has filed his federal tax returns from 1999 through 2009 listing a Texas address.  (Jakobot Aff. ¶¶ 8-9; *see* Redacted Tax Returns.)  Plaintiff has also indicated his residence as Breckenridge, Texas on the 2010 United States Census form   (*Id*. ¶ 11.)

Plaintiff also submits an Errata Sheet which "corrects" his response to the question of his citizenship, explaining that he did not understand the question and concluding that he is a citizen of Texas.  This type of material alteration to original testimony is inappropriate and will not be considered.  *See Reynold v. Int'l Business Machines Corp.*, 320 F. Supp. 2d 1290, 1300 (M.D. Fla. 2004), *citing Burns v. Bd. of County Commissioners of Jackson County*, 330 F.3d 1275, 1282 (10th Cir. 2003) ("[a] deposition is not a take home examination").  Moreover, Plaintiff's Errata Sheet makes a legal conclusion on the issue of citizenship by an admitted non-lawyer.  The value of Plaintiff's

Errata Sheet to the Court's consideration of his Motion is therefore nil.

Nevertheless, after review of the Plaintiff's deposition, affidavit and exhibits submitted by both parties, the Court finds that the totality of the evidence in this case confirms that Plaintiff's domicile at time of removal was Breckenridge, Texas, and Defendant has not overcome that presumption by showing that Plaintiff had physically moved to Florida with the intent to remain indefinitely. *See McCormick*, 293 F. 3d at 1258. The Court makes this based on the location of Plaintiff's real property, business interests, employees, voter registration, vehicle registration and tax filings. *See Sunseri*, 412 F.3d at 1249 (in determining a plaintiff's domicile, the district court considered, *inter alia*, tax returns, voter registration, employment records and vehicle registrations). The Court notes that Plaintiff's Florida driver license, investigator's license as well as his spending significant amounts of time here for relaxation and sanity do weigh in favor of finding domicile in Florida.

Less convincing, however, are Plaintiff's Facebook.com page, WhitePages.com telephone number listings, his driver's license history, the business addresses of his former company and unincorporated private investigation business. The internet is often filled with old, out-of-date, unsubstantiated, self-aggrandizing and misleading information. It is not enough to submit a selective chunk of Plaintiff's "Google footprint" and note every time that a tie to Florida appears – Defendant must do more to connect the

dots.[2]

Finally, Plaintiff's subjective expression of Florida citizenship based on his enjoyment of the state is accorded little weight by this Court as it conflicts with established facts and appears to have been made with some flippancy. *See Audi*, 273 F. Supp. 2d at 1227 (defendant's declaration of intention to establish domicile was self-serving, negated by other declarations and inconsistent facts and therefore unpersuasive); *see also McDonald* 13 F. Supp. 2d at 1281.

Accordingly, the totality of the evidence supports a finding that, at time of removal, Plaintiff's domicile was in Breckenridge, Texas – the location of his property, his business and his horses. *See Sunseri*, 412 F.3d at 1249. Furthermore, Defendant has not satisfied its burden of proving federal jurisdiction by overcoming the presumption that Plaintiff remained domiciled in Texas. *McDougald v. Jenson*, 786 F.2d 1465, 1483 (11th Cir. 1986). With any doubts in jurisdiction being resolved in favor of remand, the Court concludes that full diversity between the parties did not exist at time of removal this Court is without subject matter jurisdiction to further hear the parties' dispute. Therefore, remand is appropriate.

## III.    Attorney's Fees

"Absent unusual circumstances, courts may award attorneys fees under 28 U.S.C.

---

[2] For example, Plaintiff appears to own a limousine and have a private driver in Texas. He does not appear to have these accoutrements in Florida. Such an arrangement may explain Plaintiff's decision to obtain a Florida driver license. Similarly, Plaintiff's home address as listed for a company that has been defunct for several years offers little insight into his current physical location and intent to remain there.

9

§ 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  Because some evidence existed at time of remove to show that Plaintiff's domicile was Florida, the Court cannot conclude that Defendants lacked an objectively reasonable basis for seeking removal. Thus, the Court denies Plaintiff's request for attorney's fees and costs.

**IV.   Conclusion**

Consistent with the foregoing, it is **ORDERED AND ADJUDGED** that

1. Plaintiff David Jakobot's ("Plaintiff") Motion for Remand ("Motion," D.E. 13), filed on September 16, 2010, is **GRANTED**.

2. This case is **REMANDED** to the Circuit Court for the Seventeenth Judicial District in and for Broward County, Florida, pursuant to 28 U.S.C. § 1447(c), and the Clerk is directed to take all necessary steps and procedures to effect remand of the above-captioned action;

3. All pending motions are **DENIED AS MOOT**;

4. This case is now **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of June, 2011.

*[signature]*
JOAN A. LENARD
**UNITED STATES DISTRICT JUDGE**